

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 7, 1971

Honorable Robert S. Calvert          Opinion No. M- 968
Comptroller of Public Accounts
Austin, Texas                        Re:  Calculation of production
                                          tax under Ch. 3, Title
                                          122A, Taxation-General,
                                          V.C.S., on State owned
Dear Mr. Calvert:                         leases.

        We have received your request for our official opinion
reading as follows:

        "Reference is made to your Opinion No. M-943,
        dated August 23, 1971, which opinion was requested
        by Honorable Bob Armstrong, Commissioner of the
        General Land Office.

        "Based on the same facts presented to you by the
        Commissioner of the General Land Office, your
        opinion is requested as to the application of
        the tax on producers of natural gas, specifically
        Article 3.01 and 3.02, Title 122A, Taxation-
        General Revised Civil Statutes of Texas.

        "In arriving at the taxable market value, is the
        producer or operator of the lease entitled to
        deduct from the sales price of the gas at the
        platform a proportionate part of the amortiza-
        tion of the costs of the facilities referred to
        and the costs of operating the facilities:

        "If your answer to this question is to the effect
        that the producer or lease operator is entitled
        to deduct a proportionate part of the costs,
        should such costs be limited to only the compres-
        sion and/or dehydration facilities, plus operat-
        ing costs and maintenance, or should the costs
        include some part of the cost of the platform
        on which the compression and dehydration facil-
        ities are located?

-4731-

"If the producer or lease operator is entitled
to deduct from the sales price of the gas at
the platform a proportionate part of the amorti-
zation of the costs of the facilities referred
to and the costs of operating the facilities,
your opinion is requested as to the application
of the Texas Supreme Court's decision, Item No. 1,
Mobil Oil Corporation vs. Robert S. Calvert, et al.,
No. B-170.[1] In other words, since there is no pro-
duction tax due on the state's royalty interest,
is the producer or lease operator entitled to
deduct 5/6ths of the costs, or is he entitled to
deduct 6/6ths of the costs from the sales price
of the 5/6ths taxable portion of the gas?"

The pertinent facts referred to in the foregoing request,
as taken from our Opinion No. M-943, are as follows:

". . . The lease operator holds several State
oil and gas leases in the Gulf of Mexico upon
each of which it has drilled several wells that
produce natural gas. On each lease one of the
wells is a platform well or production deck well
upon which are heaters, gas production separators,
dehydrators, and metering devices for gas, con-
densate, and water. Each lease also contains
one or more satellite wells upon which are a
heater, meter regulator, valves, and flow lines
running from the satellite well to the platform
well. After the gas has been processed through
the above mentioned facilities, it is sold by
the operator to the gas gatherer-purchaser at
the platform well."

Our answer to your first question is that the costs of
readying the gas for market after it has been produced, such
as processing and transportation, are deductible from the gross
sale price of the gas in order to ascertain its taxable market
values. If the producer is required to provide other equipment
and machinery for the purpose of making the gas ready for market,
such as compressors, then it would be proper to allow all these

---

1. Reported at 451 S.W.2d 889.

costs of processing, transportation and compression to be amortized in arriving at the cost of readying the gas for market.  These costs preparatory to marketing are properly deductible from the gross proceeds received from the sale of the gas in order to arrive at the taxable market value of the gas sold as contemplated by Article 3.02, Title 122A, Taxation-General, Vernon's Civil Statutes.  Mobil Oil Corp. v. Calvert, 451 S.W.2d 889 (Tex.Sup. 1970).

Our answer to your second question is that only such facilities as are necessary for processing or making the gas ready for marketing after it is produced, and which facilities would not be needed were it not necessary to process the gas for this purpose, would be deductible as a part of the costs of marketing the gas.  No expense attributable to the platform should be deducted.

Our answer to your third question is that the rule laid down in Mobil Oil Corp. v. Calvert, supra, is controlling.  In construing that case, our opinion is that the method for determining the amount of tax due under the facts you present to us is as follows:  multiply the gross sale price of the gas for a given length of time (less the allowed cost of processing and transportation) times the tax rate of $7\frac{1}{2}\%$.  The total tax due is then allocated between the various interest owners in proportion to the interest owned.  For instance:  if the gross sale price of the gas is $60,000 and the cost of processing and transportation is $6,000 then the taxable market value is $54,000.  The taxable market value of $54,000 is then multiplied by the tax rate of $7\frac{1}{2}\%$ to get the total tax due of $4,050.  The total tax of $4,050 is then multiplied by the fractional interest of the taxpayer, which is given by you as 5/6ths, to determine how much of the tax is owed by the producer.  That sum is $3,375.  If the royalty owner were a non-exempt taxpayer owning a 1/6th interest in the proceeds, then his tax would be computed by multiplying the total tax due of $4,050 by 1/6th to arrive at the sum of $675.

The case of Mobil Oil Corporation v. Calvert, 451 S.W.2d 889 (Tex.Sup. 1970), referred to in your opinion request, announces principles of law particularly pertaining to and controlling the questions here involved.  In that case the court in defining the provisions of Chapter 3, Taxation-General, Vernon's Civil Statutes, relating to the calculation of the tax on producers of natural gas, held, at page 892 of the opinion, as follows:

"We find no sound basis in the quoted statutes
for holding that the tax imposed thereby must
be computed on each ownership interest separately.
We hold that the market value of gas at the mouth
of the well in cases such as this is measured,
as to all ownership interests, by the total pro-
ceeds of the sale of the component parts of the
gas after processing, less transportation and
processing costs; and that each taxable owner-
ship interest is liable to the State for its
proportionate part of the tax computed on market
value as thus ascertained. Our holding is pre-
dicated upon our conclusion that the descriptive
noun, 'producer,' as used in the statutes, defines
two classes or persons, to wit:  (1) all owners
of interests in the gas as defined in Art. 3.04(1),
including royalty owners, and (2)  only those
owners of working interests who actually produce
the gas; and by our further conclusion that the
provisions of Art. 3.01(1) directing that the tax
be computed by each producer on the amount of gas
produced and saved, refers to the second class of
producers. Considered in connection with the pro-
visions of Art. 3.04(11), Art. 3.01(1) would seem
to bear no other reasonable interpretation. When
the statute is interpreted as indicated, the tax
to be paid was not affected by Mobil's agreement
to assume payment of the processing costs thereto-
fore paid by the royalty owners." (underscoring
added)

Thus, according to the Mobil Oil case, the total tax due
under Article 3.01 is calculated upon the basis of the total
proceeds of the sale of all component parts of the gas produced,
less allowable transportation and processing costs. The tax so
calculated is then borne ratably by the various interested
parties. The formula for calculating the tax due is:  sale
price, less allowable transportation and processing, times tax
rate, times taxpayer's ratable interest.

## S U M M A R Y

In calculating the amount of natural gas
production tax due from a producer owning the
working interest in a lease in which the State

of Texas, as a royalty owner, is an exempt producer, the gross sale price of the gas produced for a given length of time, less the allowed cost of processing and transportation, is to be multiplied by the fractional interest of the taxpayer and the tax rate applied to the resulting figure. This method of tax calculation under Chapter 3, Title 122A, Taxation-General, V.C.S., effects an allowance of a deduction of costs from the proceeds of sale to the producer owning the working interest in an amount proportionate to his interest in the lease.

All facilities necessary and pertaining solely to the processing of the gas for market after it is produced, plus reasonable operating and maintenance costs thereof, may be deducted from the proceeds of sale as part of the costs of marketing such gas. If such facilities and equipment are necessary for the purpose of making the gas ready for market, it is proper to allow the costs thereof to be amortized in arriving at the cost of readying the gas for market.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Broadhurst
Wardlow Lane
W. O. Shultz
Dean Moorhead
Milton Richardson

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant